**Steven C. TEITELBAUM, Plaintiff,**

v.

**Warren J. SOLOSKI, etc., et al., Defendants.**

**No. CV 94–0013 AWT.**

United States District Court, C.D. California.

Feb. 8, 1994.

Jeffrey A. Slott, Andrew W. Hawthorne, Slott & Diamond, Encino, CA, for plaintiff.

Rodney M. Perlman, Stephen M. Cohen, Joi C. True, Wehner and Perlman, Los Angeles, CA, for defendants Warren J. Soloski, a

Professional Corp., and Warren J. Soloski, an Individual.

James A. Twitty, Malibu, CA, for defendants FedSure, Inc., a Colorado Corp., and Roger Thompson.

## MEMORANDUM ORDER OF REMAND

TASHIMA, District Judge.

This action was removed here by defendant Warren J. Soloski ("Soloski") on the basis of federal question jurisdiction. Because of substantial doubt as to the timeliness of removal, an order to show cause ("OSC") was issued why this action should not be remanded to state court. At about the same time, plaintiff made a timely motion to remand the action to state court. One of the grounds of remand urged by plaintiff was that certain defendants had not timely joined in the notice of removal.[1] Both the OSC and motion have now been fully briefed and submitted for decision.

■ Soloski's notice of removal was filed on January 3, 1994. He was served with a copy of the summons and complaint on December 9, 1993.[2] Defendants FedSure U.S., Inc., and Roger Thompson (collectively "Fedsure") filed their joinder to the notice of removal on January 12. They had been served with the summons and complaint on December 12. Although the sufficiency of service is contested, it is undisputed that Fedsure received a copy of the summons and complaint on that date.

The removal statute provides, in part:

(a) A *defendant or defendants desiring to remove* any civil action ... shall file ... a notice of removal....

(b) The notice of removal ... shall be filed within thirty days after the *receipt by the defendant, through service or otherwise,* of a copy of the initial pleading....

28 U.S.C. § 1446(a) & (b) (emphasis added). Under this language all defendants must join in the notice of removal. Because all defendants must join, the 30-day period for removal commences to run from the date the first defendant receives a copy of the complaint. *Brown v. Demco, Inc.,* 792 F.2d 478, 481–82 (5th Cir.1986); *Transport Indem. Co. v. Financial Trust Co.,* 339 F.Supp. 405 (C.D.Cal.1972).

■ Here, the first defendant, Soloski, was served with summons and complaint on December 9.[3] Thus, the time to join in the notice of removal, for all defendants, commenced to run on December 9 and expired 30 days later, *i.e.,* on January 10.[4] Defendants contend, however, that FedSure was not required to join in the notice of removal because it had not been properly served with summons and complaint. It is immaterial that FedSure believes service to be defective and is contesting the sufficiency of service. It is undisputed that FedSure actually received a copy of the complaint on December 6 or 12, *i.e.,* prior to the date the notice of removal was filed.

Removal must be effected within thirty days after a defendant *receives a copy of the state court complaint, or is served, whichever occurs first.* 28 U.S.C. § 1446(b).

*Northern Ill. Gas Co. v. Airco Indus. Gases, A Div. of Airco, Inc.,* 676 F.2d 270, 273 (7th Cir.1982) (emphasis added). Thus, FedSure was required to join in the notice of removal.[5]

1. Because the court finds this ground to be dispositive, it does not reach the other grounds of remand urged by plaintiff.

2. Plaintiff contends that Soloski was served with summons and complaint on December 6, 1993, on behalf of his professional corporation, and on December 8, personally, and has filed proofs of service on those dates. However, the court need not resolve the dispute as to the exact date of service, and shall assume that service was accomplished on December 9, the date of service admitted by Soloski.

3. In fact, plaintiff claims that FedSure was served with summons and complaint by mail on

December 2 and that a Return Receipt, acknowledging receipt, was signed on December 6.

4. The 30-day period actually expired on January 8. However, January 8 being a Saturday, the time was extended by F.R.Civ.P. 6(a) to Monday, January 10.

5. Some cases imply that a defendant must be *served* with summons and complaint before joinder by that defendant in a notice of removal is required. *E.g., Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir.1984) ("a party not served need not be joined"). However, none of those cases was addressing the

FedSure did not file its joinder in the notice of removal until January 12, which was 34 days after service of the summons and complaint on Soloski. Thus, removal was untimely.

Plaintiff seeks costs and attorney's fees in moving for remand, contending that the removal was in "bad faith." The court sees no basis for making a bad faith finding. What appears to have happened is either a mixup in communications between the attorney for Soloski, on the one hand, and the attorney for FedSure, on the other, or a simple ignorance of the rule that the time for all defendants to join in the notice of removal commences to run on the date that the first defendant is served or receives a copy of the summons and complaint.

■ The award of costs and fees under 28 U.S.C. § 1447(c) is discretionary. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446–47 (9th Cir.1992). While a showing of "bad faith" is not required, *id.* at 446, the court requires some showing beyond the bare fact of remand to justify the award of attorney's fees. *See California v. Steelcase Inc.*, 792 F.Supp. 84, 87 (C.D.Cal.1992). Here defendants missed the 30–day removal window by four days. The court does not believe that these circumstances merit the exercise of its discretion in favor of an award of fees and costs.

**IT IS ORDERED:**

1. Plaintiff's motion to remand removed action is granted on the ground that FedSure's joinder in the notice of removal was untimely.

2. This action, having been improvidently removed, is hereby **REMANDED** to the Superior Court of the State of California for the County of Los Angeles.

3. Each party shall bear his or its own costs and attorney's fees on removal and remand.

situation where, as here, a defendant who had actually received a copy of the summons and

complaint was claiming not to have been properly served.