Diane SCHWARTZ and Joel Schwartz, a married couple, Plaintiffs,

v.

FHP INTERNATIONAL CORPORATION, a Delaware corporation; FHP, Inc, a Delaware corporation; FHP of Arizona, Inc., an Arizona corporation; Ultralink, Inc., a Delaware corporation, et al., Defendants.

No. CIV–96–1362–PHX–ROS.

United States District Court, D. Arizona.

Nov. 19, 1996.

John J. Reiner, Los Angeles, CA, for Diane Schwartz, Joel Schwartz.

John C. West, Richard Kenneth Delo, Doyle Winthrop Oberbillig & West P.C., Phoenix, AZ, for FHP International Corporation, FHP Inc., Ultralink Inc.

## ORDER

SILVER, District Judge.

Plaintiffs Diane and Joel Schwartz have filed a Motion to Remand this action to state court. Defendants FHP International, FHP, Inc., FHP of Arizona, and Ultralink, Inc. ("FHP") have filed a Motion to Dismiss Plaintiffs' state law causes of action.

## FACTUAL BACKGROUND

Plaintiff Diane Schwartz was eligible to receive, selected and received FHP's HMO benefit coverage under the Group Service Agreement issued by FHP, Inc. to Xerox corporation, as a dependent of her husband, Xerox employee Joel Schwartz.

Plaintiff Diane Schwartz began to receive medical care from FHP physicians beginning in 1993. According to Plaintiff, she told her general practitioner, Dr. Lawrence Grass, during her 1994 checkup that she had a family history of cancer and that she believed she had found a lump in her left breast. Plaintiff claims that Dr. Grass told her it was nothing, but that during the next year she felt the lump increase in size and sought a mammogram. Dr. Denise Smith, the radiologist, read the results as normal. Finally, Plaintiff was examined by a surgeon, Dr. Christi Bourne, who did not perform a breast biopsy although she noted that there was a mass of considerable size in Plaintiff's left breast. In early 1996, Plaintiff's breast cancer was detected. Plaintiff alleges that the oncologist, Dr. Martin Langford, placed her on an atypical and ineffective chemotherapy regimen.

On February 20, 1996, Plaintiffs filed their original Complaint in Superior Court, Maricopa County. On March 22, 1996, Plaintiffs filed their First Amended Complaint against Defendants: FHP International; FHP, Inc.; FHP of Arizona; Ultralink, Inc.; Arizona Primary Care Physicians; Estate of Lawrence E. Grass, M.D.; Valley Radiologists, Ltd.; Valley Surgical Clinic; Palo Verde Hematology/Oncology; John C. Lincoln Hospital; Denise and John Doe Smith; Christi Bourne, M.D.; Martin B. Langford, M.D.; and other unknown defendants.

Count One of the Complaint alleges medical malpractice against all Defendants except Defendants FHP.

Count Two alleges Defendants FHP breached their contract by breaching their promise to provide Plaintiffs access to health care practitioners possessing the degree of skill and knowledge possessed by medical practitioners in the community; to refer Plaintiffs to specialists when medically indicated; to perform tests and procedures required to ensure Plaintiff's health; to authorize indicated therapeutic treatment promptly; and to inform Plaintiff of all reasonable diagnostic and treatment options.

Count Three alleges that Defendants FHP breached the implied covenant of good faith and fair dealing by not providing Plaintiffs with the benefits of their agreement with Defendants.

Count Four alleges fraud on the part of Defendants FHP by misrepresenting to Plaintiffs that Plaintiffs would receive referrals and specialist care when required.

Count Five alleges intentional misrepresentation by all Defendants by making intentional misrepresentations regarding Plaintiff Diane Schwartz's medical condition and recommended medical treatment.

Count Six alleges intentional infliction of emotional distress by all Defendants by advancing their own monetary interests to the detriment of Plaintiff Diane Schwartz's health.

On June 5, 1996, Defendants FHP filed a notice of removal to federal district court pursuant to 28 U.S.C. §§ 1331, 1441(a), (b), and (c) and 29 U.S.C. § 1132. Defendants FHP alleged that removal to federal court was appropriate based upon federal question jurisdiction under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq ("ERISA").

On June 12, 1996, Defendants FHP filed a Motion to Dismiss Plaintiffs' state law causes of action on the grounds that all Plaintiffs' state law claims are preempted by ERISA.

On July 5, 1996, Plaintiffs filed a Motion to Remand the complaint to Maricopa County. Plaintiffs argue that the removal was defective because Defendants did not obtain the consent of all Defendants as required by 28 U.S.C. §§ 1446(a)–(b). Plaintiffs further argue that there is no federal question jurisdiction because: (1) medical malpractice claims and claims of vicarious liability for negligence are not preempted; and (2) any benefits that Plaintiffs received from FHP were not pursuant to an ERISA plan.

Plaintiffs characterize their complaint as divisible into two types of claim: (1) the allegation of medical malpractice against Plaintiff Diane Schwartz's doctors and the allegation of vicarious liability for the doctors' negligence against FHP, allegations relating to the "quality" of care; and (2) allegations of breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and intentional infliction of emotional distress against FHP, allegations relating to the "quantity" of care. Plaintiffs dispute that any of their claims are preempted by federal law.

## LEGAL DISCUSSION

### A. MOTION TO REMAND

■ Plaintiffs' motion for remand places the burden of establishing federal jurisdiction on Defendants FHP. *Gaus v. Miles, Inc.,* 980 F.2d 564 (9th Cir.1992). Because the parties are non-diverse and Plaintiffs argue there is no federal question presented, Plaintiffs' Motion for Remand is based on a challenge to the subject matter jurisdiction of the Court. Pursuant to Fed.R.Civ.P. 43(e), the Court may rely on affidavits when hearing a motion challenging its subject matter jurisdiction. *See* 9 Charles A. Wright & Arthur R. Miller § 2416 at 604.

■ Plaintiffs have not alleged causes of action under ERISA. However, under the complete-preemption doctrine, removal to federal court is appropriate where the complaint raises claims that fall within ERISA's broad preemptive scope, even though the plaintiff does not allege federal question jurisdiction. *Metropolitan Life Insurance Company v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–1547, 95 L.Ed.2d 55 (1987); *Pilot Life Insurance Company v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987); *Clorox v. United States District Court,* 779 F.2d 517, 521 (9th Cir. 1985).

### B. ERISA PREEMPTION

■ ERISA supersedes all state laws insofar as they "relate to any employee benefit plan" with the exception of any state law that "regulates insurance." 29 U.S.C. § 1144(a)–

(b). 29 U.S.C. § 1002(1) defines "employee welfare benefit plan" as:

> any plan, fund or program which ... is ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment....

*See Crull v. GEM Insurance Company,* 58 F.3d 1386, 1389 (9th Cir.1995).

To meet its burden of establishing that federal jurisdiction is appropriate under the complete preemption doctrine, Defendants must show: (1) that Plaintiffs' health insurance plan was an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(1); and (2) that Plaintiffs' claims arise out of state laws that "relate to" the ERISA plan.

### 1. Employee Welfare Benefit Plan

■ The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person. *Kanne v. Connecticut General Life Insurance Company,* 867 F.2d 489, 492 (9th Cir.1988). According to the affidavit of Pamela Stanhope, FHP, Inc.'s Commercial Business Manager, submitted by Defendants FHP in support of their Motion to Dismiss, Plaintiffs' HMO was established by Plaintiff Joel Schwartz's employer, Xerox corporation, for the purpose of providing employees and eligible dependents with medical benefits. Plaintiffs have offered no evidence to contradict this affidavit testimony. Accordingly, it appears that the FHP HMO is an "employee welfare benefit plan." *See Crull,* 58 F.3d at 1389 ("even if an employer does not more than arrange for a 'group type insurance plan', it can establish an ERISA plan, unless it is a mere advertiser who makes no contributions on behalf of its employees" (citations omitted)).

■ However, certain group insurance plans are excluded from ERISA's definition of "employee welfare benefit plan" if they meet four criteria:

(1) No contributions are made by an employer or employee organization;

(2) Participation is completely voluntary for employees and members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, or administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3–1(j). *Kanne* 867 F.2d at 492. To qualify for the exception, each criterion must be met. If any criterion is not met, the group insurance plan will not qualify for the exception. *Id.*

■ Pamela Stanhope's affidavit states that Xerox Corporation signed a Group Service Agreement with FHP, Inc. to provide HMO medical benefits to the eligible employees of Xerox Corporation and their dependents. The Group Service Agreement states that the employer, Xerox, must contribute at least 50% of the employee's premium. The affidavit further states that FHP's premiums for its HMO medical benefits were billed to and paid by Xerox Corporation. Because Plaintiffs' employer contributed payment of the premiums, the plan cannot qualify as an excluded group insurance plan in accordance with 29 C.F.R. § 2510.3–1(j). *See Kanne,* 867 F.2d at 492.

### 2. State law claims "relating to" ERISA plan

■ Defendants must also establish that Plaintiffs' state law claims "relate to" the employee benefit plan. The Supreme Court observed in *Pilot Life* that "the express preemption provisions of ERISA are deliberately expansive and designed to 'establish pension plan regulation exclusively as a federal concern'." *Pilot Life,* 481 U.S. at 45–46, 107 S.Ct. at 1552 (citations omitted). Causes of action "relate to" an employee benefit plan if they "arise out of the administration of a covered plan," *id.,* or if they have a "connection with or reference to such a plan." *Shaw v. Delta Air Lines,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). ERISA preemption of state laws is not limited to state law statutes or regulations. It includes common law causes of action that "relate to" ERISA plans. *Pilot Life Ins.* 481 U.S. at 47–48, 107 S.Ct. at 1552–1553. In *Pilot Life,* the Supreme Court stated: "[t]he common law causes of action raised in Dedeaux's complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for pre-emption under § 514(a)." *Id.* at 48, 107 S.Ct. at 1553. This statement has been followed as the broad holding that state law causes of action pertaining to improper handling of insurance claims under an employee benefit plan are preempted by ERISA. *Kanne,* 867 F.2d at 492.

■ Plaintiffs have alleged the following causes of action against Defendants FHP: vicarious liability for negligence; breach of contract; breach of implied covenant of good faith and fair dealing; fraud; and intentional infliction of emotional distress. These claims are based on Plaintiffs' argument that Defendants FHP did not administer benefits in accordance with their contractual duties. Plaintiffs further argue that Defendants committed fraud by intentionally misrepresenting that Plaintiffs would be given the medical treatment necessary to their condition while in fact hiding a corporate policy of placing a cap on the number of referrals to specialists allowed for patients. Plaintiffs allege damages as a result of Defendants' refusal to administer benefits as required by Plaintiff Diane Schwartz's medical needs. These allegations clearly "relate to" administration of plan benefits, and as such, are preempted by the broad preemption provisions of 29 U.S.C. § 1144(a) [§ 514(a) ].

In fact, the Ninth Circuit has held preempted by ERISA claims similar to each of Plaintiffs' claims, with the exception of the claim for vicarious liability. *See generally, Crull,* 58 F.3d at 1390 (have held state law

claims of estoppel, waiver, breach of contract, quasi estoppel ... "relate to" an "employee welfare benefit plan" because they represent attempts to recover benefits under the plan); *Cantrell v. Great Republic Insurance Company*, 873 F.2d 1249 (9th Cir.1989) (insurance bad faith claim preempted); *Spain v. Aetna Life Insurance Company*, 11 F.3d 129, 131–132 (9th Cir.1993) (wrongful death claim for damages arising from negligent administration of benefit claims preempted by ERISA); *Olson v. General Dynamics Corporation*, 960 F.2d 1418 (9th Cir.1991), *cert. denied*, 504 U.S. 986, 112 S.Ct. 2968, 119 L.Ed.2d 588 (1992) (fraud claim based on allegation that employer misrepresented level of benefits to be provided upon retirement was preempted under ERISA); *Johnson v. District 2 Marine Engineers Beneficial Association*, 857 F.2d 514, 517–518 (9th Cir.1988); *Nevill v. Shell Oil Company*, 835 F.2d 209, 212 (9th Cir.1987) (state law claims for breach of contract, breach of covenant of good faith and fair dealing and fraud are all preempted by ERISA).

Plaintiffs argue, however, that claims alleging medical malpractice by plan physicians are not preempted by ERISA. Plaintiffs have not stated a claim for medical malpractice because they specifically excluded Defendants FHP from the list of defendants against whom Count I for medical malpractice was alleged. However, Plaintiffs have alleged vicarious liability of Defendants FHP for the doctors' medical malpractice. "Defendants FHP and Lincoln are, and at all time relevant were responsible for the operation of its hospital, the credentialing and supervision of medical staff, and for the quality of care rendered, pursuant to Arizona state law." (First Amended Complaint, ¶ 8) Claims alleging the vicarious liability of employee benefit plans or HMOs for the medical malpractice of plan physicians are treated differently from other state law causes of action. There is a split in authority regarding whether a claim for vicarious liability "relates to" administration of an ERISA plan and is thus preempted or whether the claim is too "tenuous" and is better resolved according to state law principles.

Because remand is appropriate in this case, it is not necessary to decide whether the claim of vicarious liability for the health care providers' medical malpractice is preempted by ERISA. The Court therefore declines to issue an opinion on this unresolved area of the law where an opinion in that regard would be purely advisory to the state court.

## C. REMOVAL JURISDICTION

■ The burden of establishing federal jurisdiction is placed on the party seeking removal. *Wilson v. Republic Iron & Steel Company*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir.1985). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. *Parker v. Brown*, 570 F.Supp. 640, 642 (S.D.Ohio 1983).

28 U.S.C. § 1446(a)–(b) requires unanimity among defendants when removing an action to federal court. Defendants argue that any failure to join all defendants does not justify remand because: (1) this Court has exclusive jurisdiction over the action; and (2) the claims against FHP are "separate and independent" from the claims against the health care providers within the meaning of 28 U.S.C. § 1441(c).

### 1. Concurrent jurisdiction under 29 U.S.C. § 1132(e)

■ Defendants FHP rely on *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), for their argument that this Court has jurisdiction over Plaintiffs' claims even though Plaintiffs did not allege federal question jurisdiction. It is true that *Taylor* provides an exception to the well-pleaded complaint rule of *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), in cases where the cause of action is so completely preempted that the plaintiff cannot by artful pleading avoid the federal question nature of the claim. However, the fact that an action may be removable on preemption grounds does not mandate removal. There is a strong presumption of concurrent state court jurisdiction. *Tafflin*

*v. Levitt,* 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990).

 In ERISA cases, federal courts do have exclusive jurisdiction over all matters *except* over actions to recover benefits due or to enforce or clarify rights under ERISA-covered plans. "State courts shall have concurrent jurisdiction of actions under subsection (a)(1)(b) of this section." 29 U.S.C. § 1132(e). Section 1132(a)(1)(b) provides that a civil action may be brought "(1) by a participant or beneficiary (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Hence, if Plaintiffs' ERISA-preempted claims seek to recover benefits owed under their ERISA plan, this Court would have concurrent jurisdiction with the state court over the action.

 Defendants' argue that some of the claims do not fit within the scope of § 1132(a)(1)(B). However, in the memorandum filed in support of Defendants' pending Motion to Dismiss, Defendants argued for the exact opposite analysis. In the Motion to Dismiss, Defendants argued that "all of Plaintiffs' claims against FHP 'relate to' the providing of plan benefits ... The claims go to the core of the functioning of FHP, i.e. the benefit, the processing of benefits, ... etc."

In addition, § 1132(a) essentially provides only three measures of relief for a plan participant or beneficiary: (1) she may seek relief under § 1132(c), which requires an administrator to comply with a request for information, § 1132(a)(1)(A); (2) she may seek relief under § 1132(a)(1)(B), to recover benefits due or to enforce rights under the plan; or (3) she may seek equitable relief, § 1132(a)(3). Plaintiffs' complaint clearly seeks relief only under § 1132(a)(1)(B). Plaintiffs have not requested equitable relief and have not sought an order compelling an administrator to provide information. Rather, Plaintiffs' complaint is based on allegations that the plan violated various state law duties owed to Plaintiffs by failing to provide

medical benefits as promised under the insurance agreement between Plaintiffs and their HMO provider. Hence, the state court has concurrent jurisdiction over the ERISA preempted causes of action.[1]

### 2. Separate and independent claims

Defendants next contend that the claims against Defendants FHP are "separate and independent" from the claims sounding in medical malpractice alleged against the remaining defendants in state court, and therefore, the remaining defendants were not required to be joined.

 28 U.S.C. § 1441(c) provides an exception to the unanimity rule. Section 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

*American Fire & Casualty Company v. Finn,* 341 U.S. 6, 13–14, 71 S.Ct. 534, 539–540, 95 L.Ed. 702 (1951) sets out the following test for when claims are "separate and independent" for purposes of § 1441(c): "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

 In this action, there are no "separate and independent" claims. Plaintiffs have alleged damages arising from the combined negligence of their health care providers and the administrators of the plan. Plaintiffs have alleged a series of events in which the health care providers' malpractice, exacerbated by the HMO's policy of limiting the availability of medically necessary referrals and effective treatments, contributed to Plaintiffs' injuries. The alleged claims clear-

1. Regardless of whether the state court finds that the vicarious liability claim is preempted by ERISA, the relief sought by Plaintiff is clearly contemplated by § 1132(a)(1)(B). This Court, therefore, would have concurrent jurisdiction with the state court over this claim as well.

ly evince a single wrong, in that Plaintiff Diane Schwartz's breast cancer was mishandled in a way that will accelerate her condition, "arising from an interlocked series of transactions." *Finn,* 341 U.S. at 14, 71 S.Ct. at 540.

At oral argument, Defendants' counsel urged the Court to follow *Stroker v. Rubin,* 1994 WL 719694 (E.D.Pa.1994). In that case, the plaintiff brought state law claims against her doctors for medical malpractice claims against her doctors and state law claims against the HMO for vicarious liability and for negligent selection of unqualified physicians. The HMO defendant had removed to federal court without joining the doctor defendants. The District Court found that the claims against the HMO for negligent selection were preempted by ERISA and concluded, without further analysis, that "plaintiff's complaint concerned a 'necessarily federal' claim which was 'separate and independent' from the remaining causes of action before the court." *Stroker,* 1994 WL at *10. Though the court acknowledged the applicability of the *Finn* test earlier in the opinion, it failed to consider the great weight of authority applying *Finn* to construe the "separate and independent" requirement narrowly in order to restrict removal jurisdiction severely. Counsel for Defendants has found no other case to support its position. In fact, Counsel directed the Court to another as support for *Stroker* case, *Chaghervand v. CareFirst,* 909 F.Supp. 304 (D.Md.1995). Counsel's reliance on *Chaghervand* is misplaced.

In *Chaghervand,* the plaintiff brought claims against her doctors and her HMO, alleging that the HMO had been directly negligent and vicariously liable in the failure to timely diagnose and treat her. Before deciding that the claim for direct negligence against the HMO was preempted by ERISA, the court rejected the defendant HMO's argument that it did not have to join the doctor defendants because the claims against it were "separate and independent" for purposes of 28 U.S.C. § 1441(c). The Maryland District Court rejected that argument and cited the following language from *Rey v.*

*Classic Cars,* 762 F.Supp. 421, 424 (D.Mass. 1991):

> Thus, the issue is not whether there is more than one cause of action. Rather, the issue is whether these causes of action are truly separate from one another, and not simply different methods of addressing the underlying harm.

Defendants rely on the later language in *Chaghervand,* which states that the plaintiff's direct claims against the HMO "may be 'separate and independent'", but that issue was never decided. *Chaghervand,* 909 F.Supp. at 312.

Plaintiffs' theory of the HMO's liability here is based on the argument that the HMO had a specific policy of limiting the number of specialist referrals available to patients. It is difficult to see how this claim against the HMO can be extricated from the claim that the doctors were negligent, at least in part, for failing to refer Diane Schwartz to a specialist when she told her doctor she had found a lump in her breast. The one case Defendant points to in support of its argument provides little or no reasoning in support of its conclusion, and it is counter to the reasoning of the *Finn* Court and its progeny.

### 3. Unanimity rule in removal cases

All defendants who may properly join in the removal notice must join. 28 U.S.C. § 1446(a)–(b). If they do not join, the action cannot be removed. *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir.1986). Section 1446(b) states: "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading" (emphasis added). Those named as defendants but not yet served in the state court action need not join the notice of removal. *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir.1984). 28 U.S.C. § 1448 provides relief for defendants who are served after the filing of the notice of removal. "This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case."

Defendants FHP filed a notice of removal to federal court pursuant to 28 U.S.C. §§ 1331, 1441(a), (b) and (c), and 29 U.S.C.

§ 1132.. The notice of removal properly alleges federal question jurisdiction pursuant to 29 U.S.C. § 1132, conferring federal jurisdiction over ERISA claims.

 Plaintiffs' original complaint was filed on February 23, 1996. It is apparent from the file that none of the Defendants were served with the original complaint. But it is undisputed that on May 1, 1996, Plaintiffs' attorney mailed courtesy copies of the as yet unfiled First Amended Complaint to all Defendants. Defendants FHP acknowledge that they received a copy of the First Amended Complaint on May 6, 1996. Plaintiffs then filed their First Amended Complaint on May 22, 1996. On June 4, 1996, Defendant Christi Bourne, M.D. filed a separate answer. On June 5, 1996, Defendants FHP filed a notice of removal.

In June 1996, service was made on the following Defendants: (1) on June 8, 1996: Christi Sue Bourne, M.D.; Denise Jean Smith, M.D.; and Robert G. Smith; (2) on June 10, 1996: Valley Surgical Clinics, Ltd.; Jeff Schneidman, Esq., personal representative for Estate of Lawrence E. Grass, M.D.; FHP, Inc.; Valley Radiologists; John C. Lincoln Hospital & Health Center; FHP of Arizona, Inc.; and (3) on June 18, 1996: Lana Jean Grass. Pursuant to a Court ordered extension of time to effect service, service was effected on Palo Verde Hematology on September 16, 1996, and on Martin B. Langford, and Laurie Langford on September 14, 1996.

Pursuant to 28 U.S.C. § 1446(b), the time for filing the notice of removal begins to run on the date the first defendant receives a copy of the complaint, through service or otherwise. Defendants FHP received a copy of the complaint on May 6, 1996, giving them thirty days to file their notice of removal. None of the subsequently served defendants had joined in the notice of removal. Accordingly, on July 5, 1996, thirty days after the filing of the notice of removal, Plaintiffs filed their Motion to Remand, relying on the Defendants' failure to comply with the unanimity rule as a defect in the removal procedure warranting remand.

At the time of oral argument, the Court brought to the parties' attention case law

discussing the appropriate grounds for remand. *Salveson, supra,* holds that defendants not served at the time a first-served defendant files its notice of removal need not be joined in the notice of removal. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir.1988). The effect of this exception to the unanimity requirement is to prevent a plaintiff from objecting that the notice of removal filed by the first-served defendant was procedurally defective, thereby warranting remand. 1A Moore's Federal Practice, ¶ 0.168[4.—3], citing *Hutchins v. Priddy,* 103 F.Supp. 601, 607 (W.D.Mo.1952). The rights of those defendants who were not served at the time the initial notice of removal was filed are protected by 28 U.S.C. § 1448, which preserves a subsequently served defendant's right to object to the removal by filing a motion for remand. If those defendants fail to exercise that right, they will be pulled into federal court along with the removing defendant.

However, the inquiry does not end here. While it is true that none of the other Defendants had been served with process at the time FHP filed the notice of removal, at least one, if not all, remaining Defendants had received a copy of the complaint. In this action, Plaintiffs' attorney mailed courtesy copies of the complaint to all Defendants on May 1, 1996. On June 4, 1996, Defendant Christi Bourne, M.D., filed an answer in state court despite the fact that she had not yet been served with process. At the very least, then, Defendants FHP should have obtained the consent of Defendant Bourne within thirty days of filing its notice of removal.

 In *Teitelbaum v. Soloski,* 843 F.Supp. 614 (N.D.Cal.1994), Judge Tashima held that where a defendant had actually received a copy of the complaint prior to the date the notice of removal had been filed, that defendant was required to join in the notice of removal within thirty days of the date the first-served defendant was served in the action. Where the joinder was not achieved within thirty days of service on the first-served defendant, removal was untimely

and the case remanded. This Court finds Judge Tashima's analysis convincing.[2]

Removal statutes are construed strictly, in order to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). Because Defendant Christi Bourne, M.D. did not join the removal notice within thirty days of service on FHP, the removing Defendant, the unanimity requirement has not been met. Hence, the removal was improvident and the case will be remanded.

### 4. Discretion to permit amendment of removal petition

 At oral argument, Defendant's Counsel urged the Court to permit an amendment to the notice of removal. Counsel proffered the signed consents of the remaining defendants to the removal. However, Counsel failed to provide the Court with any reason for the untimeliness of the joinder. Instead, counsel urged the Court to follow *Belasco v. W.K.P. Wilson & Sons,* 833 F.2d 277, 282 (11th Cir.1987), in which the Eleventh Circuit permitted the removal despite the removing defendant's failure to comply with the unanimity rule because "given the novelty, complexity, and technicality of this question, the ends of justice and judicial efficiency are best served by treating the removal petition as if it had been amended to include Wilson." No such factors exist here. This case is principally a state court action for personal injury colored by some ERISA issues. The dominant law to be applied for complete resolution of the matter will be state not federal law. Hence, the removal rules will be strictly observed. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992).

### B. MOTION TO DISMISS

Defendants FHP have filed a Motion to Dismiss Plaintiffs' First Amended Complaint, arguing that all state law causes of action alleged by Plaintiffs are preempted by ERISA and that the complaint fails to state a claim for relief under ERISA. Because the case is remanded, the Court no longer has the authority to rule on this motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. No. 7–1) is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. No. 2–1) is denied as moot.

---

2. It should be noted that the first-served defendant cannot satisfy the joinder requirement simply by announcing that the other defendants have joined the removal petition. Each defendant need not necessarily sign the removal petition, but "there must be some timely filed written indication from each served defendant ... that it has actually consented to such action." *Getty Oil Corp. v. Insurance Company of North America,* 841 F.2d 1254, 1262 n. 11 (5th Cir.1988).