**CACHET RESIDENTIAL BUILDERS, INC., Plaintiff,**

v.

**GEMINI INSURANCE CO., et al., Defendants.**

**No. CV 07–1256–PHX–ROS.**

United States District Court, D. Arizona.

Dec. 11, 2007.

Thomas A. Maraz, Glen Carlton Hallman, Gallagher & Kennedy PA, Phoenix, AZ, for Plaintiff.

Ian Robert Barker, Jeffry Butler, Sonnenschein Nath & Rosenthal LLP, San Francisco, CA, Shaun M. Klein, Sonnenschein Nath & Rosenthal LLP, Phoenix, AZ, for Defendants.

## ORDER

ROSLYN O. SILVER, District Judge.

Before the Court is Plaintiff Cachet Residential Builders, Inc.'s ("Cachet") Motion to Remand. For the reasons stated herein, this motion will be denied.

## BACKGROUND

On May 21, 2007, Cachet filed suit against Defendants Gemini Insurance Co. ("Gemini") and Cromwell Management Corp. ("Cromwell"). (Doc. 1). Gemini and Cromwell received copies of the summons and complaint via Federal Express on May 31, 2007 and June 4, 2007, respectively. (Doc. 12). On June 27, 2007, Gemini removed this case to federal court pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1). Cachet filed a motion to remand on July 25, 2007. (Doc. 12).

## ANALYSIS

Cachet seeks to remand this case on the grounds that Cromwell did not consent to removal, which is undisputed. Gemini asserts Cromwell was not required to consent to removal because Cromwell was not properly served due to delivery of the complaint and summons by federal express rather than United States Postal Service, and/or Cachet's failure to file an affidavit of service. Cachet responds that neither ground renders service improper, and, regardless, actual notice is sufficient to trigger the removal statute's requirement that all defendants must join in removal.

### I. CROMWELL WAS NOT PROPERLY SERVED.

Generally, all defendants must consent to removal of a state action to federal court; otherwise, the case shall be remanded back to state court. 28 U.S.C.

§ 1446(b); *Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1060 (9th Cir.2002). "This general rule applies, however, only to defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988); *see also Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir.1984), *overruled on other grounds by Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir.1988).

■ "[T]he sufficiency of service in this case is determined according to state law because service of process occurred before removal." *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir.1993). Arizona Rule of Civil Procedure 4.2(c) provides that "service may be made [upon an out-of-state party] by depositing the summons and a copy of the pleading being served in the *post office*, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt.... Upon return through the *post office* of the signed receipt, the serving party shall file an affidavit with the court." (emphasis added).

■ While there is no Arizona case law on point, the plain language of the rule is dispositive. "It is a rule of statutory construction that clear language in a statute is given its usual meaning...." *In re Marriage of Gray*, 144 Ariz. 89, 695 P.2d 1127, 1129 (1985); *see also Taylor v. Cruikshank*, 214 Ariz. 40, 148 P.3d 84, 87 (2006). To determine a word's usual meaning, the Court may rely on a dictionary definition. *E.g., State v. Sharma*, 216 Ariz. 292, 165 P.3d 693, 697 (2007); *State v. Korovkin*, 202 Ariz. 493, 47 P.3d 1131, 1135 (2002); *see also Prince v. Poulos*, 876 F.2d 30, 32 n. 1 (5th Cir.1989) (relying on the definition of "mail" in *Webster's New Collegiate Dictionary* (1973) to conclude that federal express is not mail for purposes of service under Federal Rule of Appellate Procedure 25(a)). The dictionary defines "post office" as "an office or station of a government postal system at which mail is received and sorted, from which it is dispatched and distributed, and at which stamps are sold or other services rendered." *Webster's Encyclopedic Unabridged Dictionary of the English Language* 1123 (1989). Since Federal Express is not an office or station of a governmental postal system, it cannot be utilized for service under Rule 4.2(c).

■ Rather than the twice used words "post office" in the rule, Cachet asks the Court to focus on the words *"any form of mail* requiring a signed and returned receipt." Ariz. R. Civ. P. 4.2(c) (emphasis added). This, however, does not help Cachet. "Mail" is defined as "letters, packets, etc. that are sent or delivered by means of the post office." *Webster's Encyclopedic Unabridged Dictionary of the English Language* 864 (1989).

In addition, several federal courts have held that the term "mail" in the Federal Rules of Civil Procedure governing service does not encompass private carriers. *See Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1431 (9th Cir.1996) (Federal Rule of Civil Procedure 5 did not allow service by Federal Express); *Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 409 (7th Cir.1992) (same for Federal Rule of Civil Procedure 4); *Prince v. Poulos*, 876 F.2d 30, 32 n. 1 (5th Cir.1989) (same for Federal of Appellate Procedure 25(a)). And "[b]ecause Arizona has substantially adopted the Federal Rules of Civil Procedure, [Arizona courts] give great weight to the federal interpretation of the rules." *Anserv Ins. Servs., Inc. v. Albrecht*, 192 Ariz. 48, 960 P.2d 1159, 1160 (1998).

■ Because Cachet sent the summons and complaint to Cromwell via Federal Express, rather than the post office,

Cromwell was not served under Rule 4.2(c).

## II. ACTUAL NOTICE, RATHER THAN PROPER SERVICE, DOES NOT TRIGGER SECTION 1446(b)' S REQUIREMENT THAT A DEFENDANT MUST JOIN IN A CO-DEFENDANT'S REMOVAL NOTICE.

■ Cachet argues in the alternative that, even if service was improper, Cromwell was nonetheless required to consent to removal because actual notice suffices under Section 1446(b).

To support its argument, Cachet relies upon *Schwartz v. FHP Intern. Corp.*, 947 F.Supp. 1354 (D.Ariz.1996) (Silver, J.). In *Schwartz*, a defendant, who had not been served with process but had received a courtesy copy of the complaint, did not join in a codefendant's notice of removal. Relying upon Judge Tashima's opinion in *Teitelbaum v. Soloski*, 843 F.Supp. 614 (C.D.Cal.1994), the Court held that actual notice, rather than formal service of process, was sufficient to trigger Section 1446(b)'s requirement that all defendants join in the notice of removal. *Schwartz*, 947 F.Supp. at 1363. The driving force behind this holding was the plain language of Section 1446(b), which stated that the removal notice "shall be filed within thirty days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading . . . ." (emphasis added). The Court, therefore, found that the co-defendant was required to obtain defendant's consent to removal, despite defendant having merely notice rather than service of process, and that the failure to timely obtain that consent warranted remand. *Schwartz*, 947 F.Supp. at 1363.

However, the Supreme Court in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), subsequently held that—despite the statute's seemingly plain language—formal service of process was required to trigger Section 1446(b)'s removal requirements. *Id.* at 347–48, 119 S.Ct. 1322. In *Murphy*, the defendant was faxed a courtesy copy of the complaint on January 26, 1996, and was officially served on February 12, 1996. *Id.* at 348, 119 S.Ct. 1322. On March 13, 1996, 44 days after receiving the faxed copy of the complaint but 30 days after service, the defendant removed the case to federal court. *Id.* The plaintiff moved to remand for failure to file the notice of removal within 30 days of receipt of the courtesy copy of the complaint. *Id.*

The Supreme Court held that Section 1446(b)'s 30–day requirement to file a notice of removal began upon formal service of process, not actual receipt of the complaint. *Id.* at 347–38, 119 S.Ct. 1322. In so holding, it emphasized that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant," and "in the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* at 350, 119 S.Ct. 1322. "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.*

Section 1446(b) uses the term "defendant" in the singular; thus, *Murphy* does not directly address the question of how to calculate the timing for removal in the event that multiple defendants receive notice rather than service. That said, in light of *Murphy's* emphasis of the "bedrock principle" that "a defendant is not obliged to engage in litigation unless . . .

brought under a court's authority[ ] by formal process," *id.* at 347, 119 S.Ct. 1322, to draw a distinction between single and multiple defendants would be a distinction without a difference.

An interpretation of Section 1446(b) that mere notice was sufficient to trigger removal requirements for multiple defendants not actually served runs counter to the "bedrock principle" so clearly stated in *Murphy.* Further, it would "render removal the sole instance in which one's procedural rights slip away before service of a summons, i.e., before one is subject to any court's authority." *Id.* at 356, 119 S.Ct. 1322.

■ The view that multiple defendants need to be formally served in order for their consent to removal to be required is supported, albeit in dicta, by *T.E. Const. Specialties, Inc. v. Vista Benefits, Inc.,* No. CIVA SA03CA184–XR, 2003 WL 22259075 (W.D.Tex. Sept. 23, 2003), and *White v. Bombardier Corp.,* 313 F.Supp.2d 1295 (N.D.Fla.2004). *See also C.L.B. v. Frye,* 469 F.Supp.2d 1115, 1117 n. 5 (M.D.Fla. 2006) (relying on *Murphy* to note that non-served defendants "[have] no obligation to respond to a complaint or make a decision regarding removal"); *cf. Piacente v. State Univ. of New York at Buffalo,* 362 F.Supp.2d 383, 388 (W.D.N.Y.2004) ("Although *Murphy* only involved a single defendant, its holding nonetheless applies to the multiple defendant context.").

In *Vista,* the court "determine[d] whether only formal, proper service of process can trigger the removal consent deadline." *Id.* at *2. The court began by noting that, prior to *Murphy,* several courts had "held that receipt of a 'courtesy copy' of a pleading was sufficient to trigger the removal deadline." *Id.* at *3. The court then noted that "[i]n light of *Murphy,* courts and commentators generally agree that 'state law must now be followed for formal service of

process to protect defendants' interests,' and that only formal, proper service on the defendant will suffice." *Id.* at *3 (citing 14C Wright, Miller & Cooper, *Federal Practice & Procedure* § 3732 (1998)). The court, therefore, concluded that "[i]f, as in *Murphy,* an unserved defendant cannot be required to remove, neither can he be required to join in or consent to removal by another defendant." *Id.* at *3.

Similarly, in *White,* the court discussed a potential situation where one defendant was served but the other only received notice, not service. It stated that "defendants' argument that effective service of process is necessary in order for a defendant's consent to be required is supported by the recent decision of the Supreme Court of the United States in [*Murphy* ]." *Id.* at 1300. The court went on to state that "I agree with the [ ] defendants that, in order for a defendant's consent to removal to be required, the defendant must have been properly served with process prior to the filing of the notice of removal." *Id.*

Because Cromwell was not served, and actual notice is not sufficient to trigger Section 1446(b)'s removal requirements, Cromwell was not required to consent to removal. Removal was, therefore, proper.

Accordingly,

Plaintiff's Motion to Remand (Doc. 12) is **DENIED.**