117 F.3d 1425
 Marthajane FREEMAN, Plaintiff-Appellant,
v.
THE PRINCIPAL FINANCIAL GROUP; and The Principal Mutual
Life Insurance Company, Defendants-Appellees.
 No. 96-35947.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 25, 1997.
July 3, 1997.
 
 Appeal from the United States District Court for the District of Idaho B. Lynn Winmill, District Judge, Presiding
 Before: ALARCON, T.G. NELSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case raises the issue of whether ERISA still preempts state law causes of action filed against the insurer of an ERISA plan, despite the Supreme Court decision in FMC Corporation v. Holliday. We conclude that it does, and therefore affirm the judgment of the district court which dismissed the complaint because of ERISA preemption.
 
 
 3
 Because the parties are familiar with the facts, we will not detail them here.
 
 DISCUSSION
 
 4
 We first consider whether WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc), prevents our consideration of this case. The district court dismissed the complaint without prejudice "so that plaintiff is not precluded from protecting any interest or right she may have under ERISA." Although the district court did not specifically grant leave to amend, the cited language creates the type of ambiguity requiring either special construction under WMX, or remand to the district court. Because this appeal presents issues that are substantially clearer than the jurisdictional question, we apply the doctrine of hypothetical jurisdiction and simply decide the issues presented. See In re Grand Jury Subpoena Issued to Bailin, 51 F.3d 203, 206 (9th Cir.), cert. denied, 516 U.S. 973, 116 S.Ct. 472, 133 L.Ed.2d 402 (1995).
 
 
 5
 Freeman's state law claims, although stated in the form of different common law theories, all arise from the management and administration of an insurance claim. Insurance bad faith is a cause of action specifically recognized in Idaho state law, see White v. Unigard Mut. Ins. Co., 730 P.2d 1014, 1017-19 (Idaho 1986), and is also sometimes the generic title for the collective common law torts relating to insurance claims processing. Under ERISA law, these claims are appropriately analyzed collectively. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 43, 48 (1987) ("The common law causes of action raised in Dedeaux's complaint [tortious breach of contract, breach of fiduciary duties, fraud in the inducement] [are] each based on alleged improper processing of a claim for benefits.... ").
 
 
 6
 Although Freeman seeks to make use of the standards articulated in Idaho's Unfair Claims Settlement Practices Act, Idaho Code § 41-1329 (1977), this statute provides no private right of action. Walston v. Monumental Life Ins. Co., 923 P.2d 456, 461 (Idaho 1996) ("It is well-established and undisputed that Idaho's Unfair Claim Settlement Practices Act does not allow for a private cause of action for violation of the Act."). Therefore, Freeman must rely on the common law torts for relief.
 
 
 7
 Pilot Life held that a state law suit alleging common law theories of improper processing of a claim for benefits against an insurer of an ERISA plan was not "saved" by section 514(b)(2)(A) and thus was preempted. 481 U.S. at 57. Pilot Life used three lines of inquiry to arrive at this conclusion: (i) common sense view; (ii) McCarran-Ferguson Act factors; and (iii) civil enforcement preemption.
 
 
 8
 This last line of inquiry, civil enforcement preemption, is dispositive for the matter at hand. Pilot Life held that "ERISA's civil enforcement remedies were intended to be exclusive." 481 U.S. at 54, 107 S. Ct. at 1556. ERISA could not be "supplemented or supplanted by varying state laws." Id. at 56, 107 S.Ct. at 1558. The Ninth Circuit held in Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489 (9th Cir.1988), that even if a state law meets the other two lines of inquiry it nevertheless is preempted under the civil enforcement concern if it attempts to supplement ERISA's civil enforcement provisions. Id. at 493-94. See Crull v. Gem Ins. Co., 58 F.3d 1386, 1390-91 (9th Cir.1995) (noting that claims of insurance "bad faith" (among others) are preempted in keeping "with the Supreme Court's admonition that the civil enforcement provisions of ERISA § 502(a) are the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits") (internal quotation and alterations omitted).
 
 
 9
 We find that Idaho's common law torts associated with insurance claims processing, like Mississippi's common law torts considered in Pilot Life, provide remedies that attempt to supplement those provided for in ERISA. Thus, all of the common law tort theories alleged are preempted. See Pilot Life, 481 U.S. at 55-57; Tingey v. Pixley-Richards West, Inc., 953 F.2d 1124, 1133 (9th Cir.1992) (holding that a claim of insurance bad faith "is preempted under Pilot Life's express authority").
 
 
 10
 Freeman argues that reading Pilot Life's "exclusive remedies" analysis to be dispositive in a preemption determination would violate the McCarran-Ferguson Act, which has the following provision: "No act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance...." 15 U.S.C. § 1012(a) & (b). We have already considered and rejected Freeman's argument, however, in Kaves v. Pacific Lumber Co., 51 F.3d 1449 (9th Cir.), cert. denied, 516 U.S. 914, 116 S.Ct. 301, 133 L.Ed.2d 206 (1995).
 
 
 11
 Freeman argues that in FMC Corporation v. Holliday, 498 U.S. 52 (1990), the Supreme Court established new rules under which insurers of ERISA plans are no longer exempt from state laws. We reject Freeman's contention. Both Supreme Court and Ninth Circuit post-FMC precedent affirm the breadth of ERISA's preemptive force, as applied to insurers of ERISA plans. See, e.g., Crull, 58 F.3d at 1391 n. 3 (holding, in a suit against an insurer of an ERISA plan, that "[c]laims to enforce the terms of an employee welfare benefit plan 'relate to' the plan, and are preempted under ERISA"); Tingey, 953 F.2d at 1130 ("ERISA preemption also applies to claims against employers and insurers alike."). See also New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (explaining, after determining that the state regulation at issue did not "relate to" an ERISA plan, that "we do not hold today that ERISA pre-empts only direct regulation of ERISA plans, nor could we do that with fidelity to the views expressed in our prior opinions on the matter. See, e.g., Pilot Life Ins. Co. v. Dedeaux").
 
 
 12
 Nor are we persuaded that FMC overturned the "exclusive civil remedies" portion of Pilot Life because post-FMC Ninth Circuit law holds to the contrary. See Greany v. Western Farm Bureau Life Ins. Co., 973 F.2d 812, 819 n. 6 (9th Cir.1992) ("We reject the Greanys' argument that Kanne was overruled by FMC Corp."); Crull, 58 F.3d at 1391 n. 3 (holding that although "Traveler's Insurance may well signal the present Justices' unhappiness with the rather sweeping deregulatory effect that an expansive reading of the words 'relate to' has had[,][i]t does not, however, signal a retreat from Pilot Life's holding that the civil enforcement provisions of ERISA § 502(a) were intended by Congress to be exclusive"). Greany is particularly appropriate because it involved a construction of Montana's Unfair Claims Settlement Practices Act, which is virtually identical to Idaho's, except that the Montana statute provides a private right of action. MCA § 33-18-201; MCA § 33-18-242. Therefore, in a post-FMC decision involving a statutory scheme presenting a more compelling argument, we have held common law tort claims preempted.
 
 
 13
 Freeman argues that both Pilot Life and Greany were wrongly decided. Even if this were true, Freeman's argument could not prevail. We are, of course, bound by Supreme Court precedent and only an en banc panel of this court may overturn existing Ninth Circuit precedent. Murray v. Cable Nat'l Broad. Co., 86 F.3d 858, 860 (9th Cir.1996).
 
 
 14
 At oral argument, Freeman contended that this case presents a different circumstance because the policyholder had retired from the company, had converted his policy, and was no longer under the group plan. However, neither his pleadings nor any part of the district court record shows this. On the contrary, his complaint alleges that his was a group policy and the policy submitted to the district court confirms this.
 
 
 15
 Finally, Freeman argues that Idaho insurance law is not a law which "relates to" an ERISA plan, based on our holding in WSB Elec., Inc. v. Curry, 88 F.3d 788 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 945, 136 L.Ed.2d 834 (1997).
 
 
 16
 We disagree. California's minimum wage law has little to do with ERISA or the regulation of an ERISA plan. However, standards governing the conduct of an ERISA plan insurer, especially its conduct in paying benefits to plan participants and their beneficiaries, are directly related to ERISA. See, e.g., Pilot Life, 481 U.S. at 47 ("There is no dispute that the common law causes of action asserted in Dedeaux's complaint 'relate to' an employee benefit plan and therefore fall under ERISA's express pre-emption clause, § 514(a)."); Crull, 58 F.3d at 1390 ("This court ... has read the words 'relates to' expansively. Consequently, ... we have held that state law claims of ... bad faith ... 'relate to' an 'employee welfare benefit plan'....").
 
 CONCLUSION
 
 17
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3