129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
L.A. GEAR CALIFORNIA, INC., Plaintiff-Appellant,
v.
GENERAL AMERICAN LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 96-55708.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1997.
Nov. 10, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-00165-RSWL; Ronald S.W. Lew, District Judge, Presiding Pasadena, California.
 Before PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 L.A. Gear appeals the district court's grant of summary judgment in favor of General American on its claims for breach of contract and for breach of the implied covenant of good faith and fair dealing. The district court ruled that General American did not violate its indemnity agreement with L.A. Gear by refusing to reimburse the medical expenses of Maria Aguilera, a former L.A. Gear employee, because the payment of her expenses was outside the scope of its agreement with L.A. Gear. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the district court's ruling on the breach of contract claim, but affirm the district court's decision with respect to L.A. Gear's claims for breach of the implied covenant of good faith and fair dealing and for punitive damages.
 
 
 3
 We review the district court's grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996).
 
 
 4
 By its own admission, L.A. Gear neglected its responsibility under its employee benefit plan to notify Aguilera of her eligibility for 11 months of additional continuation coverage in the event of a disability determination; L.A. Gear also failed to inform Aguilera of the notification procedures necessary to obtain that coverage. As a result, Aguilera did not timely notify L.A. Gear of her disability determination, as required by L.A. Gear's employee benefit plan and the governing provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). General American consequently maintains that it cannot be held liable for reimbursing Aguilera's expenses, because those expenses were not paid pursuant to the strict conditions of the employee benefit plan. We disagree.
 
 
 5
 Aguilera's claim was ultimately paid in accordance with the employee benefit plan provided by L.A. Gear. After all, if L.A. Gear had not immediately reinstated Aguilera's continuation coverage after acknowledging its own notification failure, Aguilera could have sued under ERISA's civil enforcement provision to recover the additional continuation coverage to which she was entitled under her employee benefit plan. See 29 U.S.C. § 1132(a) ("A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 53 (1987) (explaining in ERISA context that plan participant "may sue to recover benefits due under the plan," and that "[r]elief may take the form of accrued benefits due"); Crull v. Gem Ins. Co., 58 F.3d 1386, 1390 (9th Cir.1995) (describing ERISA civil enforcement scheme as means "to recover benefits allegedly owed under the plan"). General American's argument that Aguilera did not receive actual COBRA benefits from L.A. Gear, but rather "the equivalent" of COBRA benefits, is unavailing. We therefore conclude that General American, having agreed to indemnify L.A. Gear for "the payment of benefits to or in behalf of covered employees or dependents as a result of losses occurring ... in accordance with the terms and conditions of the Plan," is liable for Aguilera's continuation coverage claim. The district court's ruling that General American did not violate its indemnity agreement by refusing to reimburse Aguilera's expenses is reversed.
 
 
 6
 Although we conclude that General American breached its indemnity agreement with L.A. Gear, we agree with the district court that General American did not breach the implied covenant of good faith and fair dealing when it refused to pay Aguilera's claim. In view of the fact that L.A. Gear neglected its statutory and contractual duty to inform Aguilera of her rights and responsibilities under her employee benefit plan, there was a genuine issue concerning the correct assignment of liability under the indemnity agreement. See Brinderson-Newberg v. Pacific Erectors, 971 F.2d 272, 283 (9th Cir.1992) (holding that where genuine issue exists regarding contract terms and liability, insurer's refusal to pay claim does not constitute breach of implied covenant of good faith and fair dealing). General American's interpretation of its indemnity agreement with L.A. Gear was not "so unreasonable as to be a mere pretext for avoiding further investigation." Id. The district court therefore did not err by granting summary judgment in favor of General American on L.A. Gear's claim for breach of the implied covenant of good faith and fair dealing.
 
 
 7
 For similar reasons, the district court did not err by granting summary judgment for General American on L.A. Gear's claim for punitive damages. In the absence of clear and convincing record evidence that General American was guilty of oppression, fraud, or malice, punitive damages are not warranted. See Slottow v. American Cas. Co., 10 F.3d 1355, 1361 (9th Cir.1993) (quoting Cal. Civ.Code § 3294).
 
 
 8
 Each party shall bear its own costs.
 
 
 9
 REVERSED in part, AFFIRMED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3