142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Beatriz LEE, Plaintiff-Appellant,
v.
UNUM LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 97-15812.
D.C. No. CV-95-01100-DFL.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 13, 1998.
Decided April 23, 1998.
 
 On Appeal from the United States District Court for the Eastern District of California David F. Levi, District Judge, Presiding.
 Before SKOPIL and KOZINSKI, Circuit Judges, and WEINER,** District Judge.
 MEMORANDUM*
 We agree with the district court that ERISA applies to this action. We disagree, however, with the court's ruling that Lee is not disabled under the terms of her policy because she retains the ability to perform some of her former duties in a non-hospital setting. Accordingly, we reverse and remand.
 The district court correctly ruled that ERISA applies. UNUM's policy is clearly a plan "established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance ..., benefits in the event of ... disability." 29 U.S.C. § 1002(1). The court found that Roseville "selected UNUM as the insurer, negotiated the group contract, negotiated the premium rates, selected the plan design, and determined participation eligibility." These facts are sufficient to treat UNUM's policy as an ERISA plan; the district court properly granted summary judgment on this issue. See Crull v.. Gem Ins. Co., 58 F.3d 1386, 1390 (9th Cir.1995).
 Applying ERISA, the district court limited its review to the record before the plan administrator, thereby precluding Lee's additional proffered evidence. The court's decision appears consistent with Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938, 944 (9th Cir.1995). We need not decide, however, whether the exclusion of evidence was error. This case does not turn on the quantum of medical or vocational evidence; there is no dispute as to the nature and severity of Lee's disability--all evidence indicates that she is unable to perform her former job at Roseville. The only issue is whether, under the terms of UNUM's policy, she is thereby eligible for disability payments.
 The district court did not expressly consider the language of the policy providing that UNUM will pay disability benefits upon "proof that an insured is disabled due to sickness or injury." "Disabled" means that "the insured cannot perform each of the material duties of his regular occupation; and ... after benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for which he is reasonable fitted, taking into consideration training, education or experience." Lee contends that she is entitled to the short-term disability payments because she has demonstrated that she is unable to perform the exertional duties of her former job. UNUM offers a counter interpretation of its policy, namely that the word "occupation" does not mean "job" and that the term "material duties" does not mean "all duties." UNUM interprets its policy to require proof that an insured cannot perform the duties of her occupation in general. Thus, because UNUM concludes that Lee may continue to practice her "occupation" of respiratory therapist in a setting that does not require exertional activity, she is not disabled for purposes of the policy.
 We might reasonably conclude that the policy language is ambiguous, and in accordance with the rule of contra proferentem, construe the ambiguity against the drafter of the document. See Lang v. Long-Term Disability Plan, 125 F.3d 794, 799 (9th Cir.1997). Resort to that rule, however, is unnecessary, because of our recent decision in Saffle v. Sierra Pac. Power Co., 85 F.3d 455 (9th Cir.1996). There, we reviewed the same two-tier disability benefits structure: 24 months of payments if the claimant is "unable to perform each and every duty of his regular occupation" and unlimited payments if thereafter "he is unable to engage ... in any business or occupation." 85 F.3d at 457. The insurer denied benefits because it concluded that the claimant could perform her "regular occupation" with the accommodation that she "work with her feet elevated." Id. at 459. We reversed the denial of short-term benefits, reasoning that the insured's construction of the policy is "inconsistent with the plain language of the Plan," and "inconsistent with the Plan's two-tiered disability structure because it collapses the threshold for occupational disability into the standard for general, or permanent disability." Id. We concluded that it was impermissible to premise short-term benefits on the availability of work that can be performed but only with special accommodations. Id.
 The same is true in this case. UNUM's interpretation of its policy requires that Lee work with special accommodations--first, in a non-hospital setting, and second, at a job involving no exertional activity. Such an interpretation was determined to be unreasonable in Saffle because it required the claimant to perform "a substantial portion of 'work available for which she is qualified' with accommodations that could have been made." Id. at 460. Thus, the administrator erred by "erroneously factoring 'accommodation' into the criteria for total disability for purposes of occupational disability benefits." Id. Saffle requires us to reverse the district court's judgment in favor of UNUM.
 REVERSED and REMANDED.
 
 KOZINSKI, Circuit Judge, dissenting:
 
 1
 This case boils down to one simple question: Is a job the same thing as an occupation?
 
 
 2
 The answer is obvious. Suppose a pilot who used to fly for United Airlines switches to Delta; he has changed jobs, but his occupation--piloting--remains the same. Suppose a quarterback for the 49ers is traded to the Steelers; he has changed jobs, but not occupations. Suppose a respiratory therapist who used to work for a hospital switches to a nursing home; she has changed jobs, but not occupations. She is still a respiratory therapist.
 
 
 3
 UNUM is required to pay Lee disability benefits only if she "cannot perform each of the material duties of [her] occupation[.]" It did not insure her job. Lee cannot engage in certain strenuous activities such as responding to emergencies at a run and carrying heavy equipment, but everyone agrees that those are not material duties of a respiratory therapist. According to Lee's own declaration, a respiratory therapist "perform[s] such therapeutic procedures as life support, airway management, patient ventilation, oxygen delivery, and cardio-pulmonary resuscitation." Lee can do all these things. Because exposure to hospital cleaning solvents exacerbates her health problems, Lee cannot work at Roseville Hospital, but she can work as a respiratory therapist--perform her occupation--elsewhere. Therefore, she is not entitled to disability benefits under UNUM's policy.
 
 
 4
 Saffle v. Sierra Pac. Power Co., 85 F.3d 455, 459-60 (9th Cir .1996), on which my colleagues rely, is not to the contrary. In Saffle, we rejected the insurer's argument that Saffle could not receive occupational disability benefits because there was "work available for which she [was] qualified." Id. at 459. That work had different material duties than Saffle's original occupation; in essence, Saffle's insurer had required her to change occupations. Here, no one is asking Lee to change any of the material duties of her occupation. She just has to work at a different location and avoid certain strenuous activities that are not a material part of her occupational duties. Nothing in Saffle requires that disability benefits be paid whenever a claimant can perform the material duties of her occupation only with some accommodation. Indeed, such a result would be absurd, requiring benefits when an employee needs such things as a slightly different keyboard for typing. I would affirm.
 
 
 
 **
 The Honorable Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3