145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
JAMES GASKETTS, INC., Plaintiff-Appellant,
v.
ST. JOSEPH'S OMNI HEALTH PLAN, INC.; David J. Stull,
Defendants-Appellees.
 No. 97-16181.
D.C. No. CV 97-0080-DFL GGH.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 13, 1998.
Decided April 28, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California David F. Levi, District Judge, Presiding.
 
 
 2
 Before SKOPIL, KOZINSKI, Circuit Judges, and WEINER,[2] Senior District Judge.
 
 MEMORANDUM[1]
 
 3
 James Gasketts, Inc. (JGI) brought this action in California Superior Court against St. Joseph's Omni Health Plan, Inc. and David J. Stull alleging breach of contract, breach of a covenant of good faith and fair dealing, fraud, negligent misrepresentation, suppression, promise without intent to perform and negligence. The action was removed by defendants pursuant to 28 U.S.C. §§ 1441 and 1446. Jurisdiction in the district court was premised upon 28 U.S.C. § 1331; jurisdiction on appeal is provided by 28 U.S.C. § 1291. By order of March 11, 1997, the district court granted defendants' motions to dismiss, finding the claims preempted by section 1132 of the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1144.[3] We affirm.
 
 
 4
 Interpretation of ERISA is a question of law reviewed de novo. Williams v. UNUM Life Ins. Co., 113 F.3d 1108, 1111 (9th Cir.1997). Whether ERISA preempts state law is a question of law reviewed de novo. Cisneros v. UNUM Life Ins. Co., 134 F.3d 939, 942 (9th Cir.1997). A decision whether a party's interests are impaired by failure to join an indispensable party is an interpretation of law reviewed de novo. Kescoli v. Babbitt, 101 F.3d 1304, 1309 (9th Cir.1996). The facts are known to the parties and will not be repeated here except as necessary to aid the discussion.
 
 
 5
 It is well settled that ERISA's preemption is among the broadest ever drafted. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (express preemption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulations as exclusively a federal concern). The Supreme Court has held that a state law claim "relates to" an ERISA plan "if it has a connection with or reference to such plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). We have held that state law claims "relate to" ERISA where they represent attempts to recover benefits allegedly owed under the plan. See Crull v. GEM Ins. Co., 58 F.3d 1386, 1390 (9th Cir.1995) and cases collected therein.
 
 
 6
 In its complaint, JGI seeks a declaration that "plaintiffs and its employees are entitled to health benefits coverage and are entitled to reimbursement and/or payment of expenses incurred for medical care, treatment and services rendered." ER 1, Exhibit B, Paragraph 14. The breach of contract claim alleges that Omni has "failed and refused, and continue[s] to fail and refuse, to secure payment and/or pay plaintiff's employees' claims, or anyone, the monies owed, despite demand therefor", constituting a material breach of the policy. Id. at Paragraph 18. Since it is clear beyond argument that the JGI claims sought to recover benefits under the Plan, they were "related to" ERISA, and the district court properly concluded they were preempted.[4]
 
 
 7
 JGI also argues the district court erred when it found the two employees were indispensable parties. Since, without the employees as parties, Omni was left open to the possibility of inconsistent adjudications of its obligations under the Plan, we conclude that the district court did not err when it dismissed the deemed ERISA restitutionary claim.
 
 
 8
 Under Fed.R.Civ.P. 19(a), we conduct a two part analysis to determine whether an absent party must be joined in an action, thus requiring dismissal of the case if that party cannot be joined. "We first ask whether the district court correctly determined that an absent party is necessary to the suit. If so, and if that party cannot be joined, we then must assess whether the district court correctly found the party indispensable so that in equity and good conscience the suit should be dismissed." Pit River Home and Agricultural Cooperative Association v. United States, 30 F.3d 1088, 1098 (9th Cir.1994), quoting Shermoen v. United States, 982 F.2d 1312, 1317 (9th Cir.1992). To determine whether the absent party is necessary, we evaluate whether (1) complete relief is possible among the existing parties and (2) the absent party has a legally protected interest in the outcome of the litigation. Pit River, 30 F.3d at 1099. To determine whether a party is indispensable, we consider (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties (2) the extent to which the prejudice can be lessened or avoided, (3) whether a judgment rendered in the person's absence will be adequate and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Id. at 1101.
 
 
 9
 It seems beyond argument that the employees have legally protected interests in the subject of this suit since Omni's decisions to deny their claims for benefits are directly addressed by the complaint. While JGI could arguably achieve complete relief from a decision in its favor, the same cannot be said for Omni. The relief JGI sought from the district court included a declaration that Omni was liable to pay benefits to the employees under the plan. However, there is nothing in JGI's complaint that would mandate that any money judgment go to the employees. To the contrary, the complaint only seeks money damages for JGI. Unless the employees were joined as parties plaintiff, Omni could not, if successful on the merits, receive complete relief, since it could later be subject to further litigation of the employees' fights in separate proceedings under the terms of the Plan. The resultant prejudice to Omni is facially obvious and we do not believe that a final judgment could be molded to avoid such prejudice. Since they are not parties, the employees would not be bound by the eventual judgment. Finally, there is nothing to suggest that either JGI or the real parties in interest--the employees--will be denied an adequate remedy if the action is dismissed for nonjoinder.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [2]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [3]
 Having found the claims preempted, the district court recast the complaint as an action seeking restitutionary relief under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(3). The district court dismissed the complaint, as so construed, with leave to amend, finding that the two JGI employees were indispensable parties. Rather than file an amended complaint, JGI chose to pursue this appeal instead
 
 
 [4]
 While JGI seeks to avoid this conclusion by arguing that as an employer, it does not have standing to bring an ERISA claim, this argument is, to say the least, specious. It ignores the fact that JGI's complaint was brought to recover benefits for the plan participants. JGI also argues the district court erred when it ignored the choice of law provision in the contract with Omni. However, it cites no authority to support its assertion that the choice of law provision in its contract is somehow superior to ERISA. As we conclude that the state law claims were preempted, it logically follows that the choice of law provision--which is enforced under state contract law--is also preempted