Jeanette C. **HOWER**, Plaintiff–Appellant,

v.

**PACIFICARE OF CALIFORNIA, and Pacificare Health Systems, Inc.,** Defendants–Appellees.

No. 01–55467.

D.C. CV–00–00987–GLT.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2002.*

Decided May 2, 2002.

Before FERNANDEZ and RAWLINSON, Circuit Judges, and REED,** District Judge.

MEMORANDUM ***

Jeannette Hower ("Hower") filed a lawsuit alleging tortious breach of the implied covenant of good faith and fair dealing when her insurance company, Pacificare of California, failed to refer her to specialists who could properly treat her Lyme disease. Pacificare removed the case to federal court, and filed a motion to dismiss on the basis that Hower's claims were preempted by ERISA. Hower moved to remand the case to state court, arguing that the tortious breach of the implied covenant of good faith and fair dealing fit under the insurance savings clause in ERISA. The parties are otherwise familiar with the facts, and we do not repeat them here.

The district court held that Hower's cause of action was preempted by ERISA, 29 U.S.C. § 1144(a), because it was a law that regulated insurance, but that it was not saved, because of the Supreme Court's decision in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) and the Ninth Circuit's decisions in *Parrino v. FHP, Inc.*, 146 F.3d 699, 704–05 (9th Cir.1998) and *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 494 (9th Cir.1988). The court granted Pacificare's motion to dismiss for failure to state a claim.

---

* The panel unanimously finds the case suitable for decision without oral argument. Fed. R.App. 34(a)(2).

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Hower's argument that her claim is not preempted by ERISA directly challenges the Supreme Court's decision in *Pilot Life*, and the prevailing law in the Ninth Circuit which states that a claim for breach of the implied covenant of good faith and fair dealing of an insurance contract is preempted by ERISA. *See e.g. Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007–08 (9th Cir.1998); *Parrino*, 146 F.3d at 704–05; *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1390–91 (9th Cir.1995); *Tingey v. Pixley–Richards West, Inc.*, 953 F.2d 1124, 1133 (9thCir.1992); *see also Olson v. General Dynamics Corp.*, 960 F.2d 1418 (9th Cir.1991); *Kanne*, 867 F.2d at 494.

Further, our jurisprudence explicitly states that the civil enforcement provision of ERISA is meant to be exclusive. *Crull*, 58 F.3d at 1390–91. A claim for breach of the implied covenant of good faith and fair dealing provides a remedy that is outside the scope of ERISA's civil enforcement provisions, and therefore, is not allowed. *Pilot Life Ins. Co.* 481 at 57, 107 S.Ct. 1549.

AFFIRMED.

---

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.