**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 13-16052 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-00283-JCM-GWF |
| v. | |
| IVY CAPITAL, INC., | MEMORANDUM* |
| Defendant, | |
| And | |
| BENJAMIN HOSKINS; DREAM FINANCIAL; LEANNE HOSKINS (Relief Defendant); OXFORD FINANCIAL, LLC (Relief Defendant), | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and submitted August 12, 2015
San Francisco, California

---

      \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KOZINSKI and TALLMAN, Circuit Judges and RAYES,[**] District Judge.

1. The district court properly held defendant Benjamin Hoskins individually liable for the deceptive telemarketing actions of the Ivy Capital enterprise.[1] *See FTC v. Stefanchik*, 559 F.3d 924, 931 (9th Cir. 2009); *see also* 15 U.S.C. § 45(a); 16 C.F.R. §§ 310.3-.4.[2] Because there was no genuine issue of material fact as to Mr. Hoskins's individual liability, summary judgment in favor of the FTC on that issue was proper. Mr. Hoskins had "the authority to control" the deceptive acts because as owner and founder of Ivy Capital and as an owner, officer, agent or member of Dream Finance, Logic Solutions, Oxford Debt Holdings, LLC, Sell It

---

[**] The Honorable Douglas L. Rayes, District Judge for the U.S. District Court for the District of Arizona

[1] The Ivy Capital enterprise consisted of eight individual defendants and twenty-two corporate entities. We affirm the district court's finding that these individual and corporate defendants were all part of a common enterprise. *See FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1142-43 (9th Cir. 2010) (sharing office space, interrelated activity, and commingled funds all weigh in favor of finding a common enterprise where each may be held jointly and severally liable).

[2] Although defendant Dream Financial and relief defendant Oxford Financial, LLC, were included in the notice of appeal, the opening brief does not raise "specifically and distinctly" any arguments related to Dream Financial or Oxford. "We review only issues [that] are argued specifically and distinctly in a party's opening brief." *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) (internal quotation marks omitted). Thus, we do not consider the judgments against them.

Vizions, LLC, and Global Financial Group, LLC—all entities part of the Ivy Capital scheme—he participated in manager meetings, had the authority to sign contracts on behalf of the enterprise, was a signatory for multiple Ivy Capital accounts, provided consulting services and crucial start up resources, and even assisted in setting up a call center in the Phillippines. *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170-71 (9th Cir. 1997) (finding that the defendant's role as president and her authority to sign documents on behalf of a corporation "demonstrate that she had the requisite control over the corporation").

There is no genuine issue of material fact as to Mr. Hoskins's reckless indifference to the truth or falsity of the misrepresentations that were perpetrated by the Ivy Capital enterprise. *Id.* at 1171. "There were myriad red flags that would have led a reasonable person to suspect that something was amiss at" Ivy Capital and its affiliated corporate entities. *Network Servs. Depot*, 617 F.3d at 1141. The evidence, such as management emails, shows that Mr. Hoskins was aware of customer complaints, the high price of "business coaching" packages ($2,000 - $10,000), Ivy Capital's high chargeback rates with credit card merchants indicating potential fraud, and offshore accounts in St. Kitts. *See id.* (listing "multiple customer complaints" and "suspicious financial practices" as "warning signs" of fraud).

3

2.  The district court did not abuse its discretion in finding Mr. Hoskins jointly and severally liable with all other defendants (settled or otherwise) for $130,375,057.52, plus prejudgment interest.  "Equity may require a defendant to restore his victims to the status quo where the loss suffered is greater than the defendant's unjust enrichment."  *See Stefanchik*, 559 F.3d at 931-32.

3.  The district court did not err in finding relief defendant Leanne Hoskins liable for disgorgement as the alter ego of Oxford Financial, LLC.  (1) She influenced and governed Oxford as its majority (51%) owner[3] and manager of its primary operations; (2) Oxford funds were used to pay school tuition, personal credit cards, and other household expenses demonstrating a "unity of interest and ownership"; and (3) adherence to the corporate fiction would promote injustice. *See Mosa v. Wilson-Bates Furniture Co.*, 583 P.2d 453, 454 (Nev. 1978).

We reject Ms. Hoskins's "theory of the pleadings" argument.  "The pleadings need not identify any particular legal theory under which recovery is sought."  *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995); *see also* A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions ¶ 8:96.

---

[3] Mr. Hoskins owns the remaining 49% of Oxford Financial, LLC.

4

However, we vacate the disgorgement order against Ms. Hoskins individually because we hold that, as the alter ego of Oxford, she is jointly and severally liable for Oxford's disgorgement order. The district court abused its discretion because ordering disgorgement against Ms. Hoskins "both individually and through the corporation would result in an impermissible double recovery." *Am. Capital Corp. v. FDIC*, 472 F.3d 859, 866 (Fed. Cir. 2006); *see also EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002) ("[I]t goes without saying that the courts can and should preclude double recovery . . . ." (internal quotation marks omitted)).

**AFFIRMED** in part, and **VACATED** and **REMANDED** in part, with instructions to alter the judgment against Leanne Hoskins to hold her jointly and severally liable with Oxford Financial, LLC, for $1,529,292.52, plus prejudgment interest.

Each party shall bear its own costs.