**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN E. ELLINGSTAD; CLIFFORD W. TAGABAN, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> KAKE TRIBAL CORPORATION; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> MICHAEL J. BARTLETT, <br><br> Defendant. | No. 22-35569 <br><br> D.C. No. 1:21-cv-00008-SLG <br><br> MEMORANDUM[*] |
| KAREN E. ELLINGSTAD; CLIFFORD W. TAGABAN, <br><br> Plaintiffs-Appellants, <br><br> FRED W. TRIEM, Counsel for Plaintiffs, <br><br> Appellant, | No. 22-35768 <br><br> D.C. No. 1:21-cv-00008-SLG |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

KAKE TRIBAL CORPORATION; et al.,

Defendants-Appellees,

and

MICHAEL J. BARTLETT,

Defendant.

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted December 7, 2023[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and SANCHEZ, Circuit Judges.

Karen Ellingstad and Clifford Tagaban, hereinafter plaintiffs, appeal from the district court's grant of summary judgment to Kake Tribal Corporation and its officers and employees named as individual defendants. Plaintiffs and their attorney Fred Triem also challenge the district court's award of sanctions under Rule 11 of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The district court did not abuse its discretion in denying plaintiffs' motion to stay or defer consideration of summary judgment. Such a motion must "show[] . . . that, for specified reasons," a party "cannot present facts essential to justify its opposition" to summary judgment without further discovery. Fed. R. Civ. P. 56(d). "A district court abuses its discretion" in denying such a motion only if the requesting party "can show that allowing additional discovery would have precluded summary judgment." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012). Where "the information sought . . . would not have shed light on any of the issues upon which the summary judgment decision was based[,] . . . the additional discovery would not have precluded summary judgment and was properly denied." *Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

Here, plaintiffs sought discovery into how defendants related to one another, in order to demonstrate that defendants were responsible for invoices and threats plaintiffs alleged they had received. However, this information "would not have shed light on . . . the issues upon which the summary judgment decision was based," *id.*, that is, plaintiffs' failure to demonstrate that the invoices and threats existed. As the district court noted, invoices and threats received by plaintiffs would presumably be in their possession, but plaintiffs neither presented them nor

3

specified in their motion for deferral of summary judgment why they could not do so.  Thus, the motion was properly denied.

2.  Plaintiffs do not challenge the district court's conclusion that the evidence before it did not establish a genuine factual dispute as to the claim plaintiffs pleaded in their complaint.  Instead, they argue that they may be entitled to relief under other legal theories, or that they should have been permitted to amend their complaint.  These arguments are forfeited.  Although "summary judgment does not follow if the plaintiff is entitled 'to relief on some [alternative] legal theory' and 'requested as much,'" plaintiffs never asked to amend their complaint, nor did they make any alternative request prior to the district court's summary judgment decision.  *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (quoting *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995)); *see also Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 912 (9th Cir. 1995) ("A party does not properly preserve an issue for appeal by raising it for the first time in a motion for reconsideration.").  Plaintiffs only suggested in passing (in their post-judgment brief opposing sanctions) that they ought to be allowed to amend.

3.  The district court did not abuse its discretion in denying oral argument regarding summary judgment.  Such a denial "does not constitute reversible error

in the absence of prejudice." *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) (citation omitted). On appeal, plaintiffs' perfunctory argument does not allege any prejudice suffered due to the district court having reached a decision on this matter without oral argument.

4. The district court did not abuse its discretion in awarding sanctions. The complaint asserted that defendants periodically sent invoices for "demurrage" to plaintiffs—Ellingstad and Tagaban. The record evidence supports an inference that the invoices in question were not sent by the defendants and were not sent to the plaintiffs, but rather to appellant Triem. The district court's conclusion that Triem knew or should have known that the factual contentions in plaintiffs' complaint lacked evidentiary support is therefore not "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385 (9th Cir. 2010).

Plaintiffs contend for the first time here that oral argument regarding sanctions was necessary "to consider the income, wealth, [and] station in life of the sanction target." However, "[n]othing in Rule 11 mandates" this result. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1125 n.4 (9th Cir. 2002). Further, because plaintiffs did not present this argument to the district court, it is forfeited.

**AFFIRMED.**

5